IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER L. PARKER, #S07242, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00820-GPM |
| ) | |
| ZACK ROECKMAN, and ) | |
| UNKNOWN PARTIES, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Christopher L. Parker, an inmate in Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. Parker takes issue with a delay in transmission of the $5.00 filing fee to this Court in relation to his habeas corpus petition, *Parker v. Roeckman*, 13-cv-00206-DRH.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and dismiss the complaint.

## Discussion

Plaintiff Parker's habeas corpus case, *Parker v. Roeckman*, 13-cv-00206-DRH, was initially dismissed on June 3, 2013, when the $5.00 filing fee was not paid. The fee was received on June 11, 2013, and the case was reinstated on June 13, 2013. Parker seeks monetary damages for the period of time his habeas case was delayed due to the untimely payment. By Parker's estimation, there was a four-month delay (apparently counting from the filing date until the

present).  Warden Zack Roeckman is named as a defendant; also listed as defendants are "all employees dealing with legal and trust fund" [sic].

However, Plaintiff's complaint fails to state any conceivable claim.  Parker brings this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.  The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials, like Roeckman and the other unidentified employees.  Therefore, all FTCA claims must be dismissed with prejudice.

Additionally, Plaintiff's claim could not survive even if it were construed as being brought pursuant to 42 U.S.C. § 1983, which "creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.'"  *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012), *quoting* 42 U.S.C. § 1983.  As pleaded, the Plaintiff alleges negligence, at best.  A defendant can never be held liable under Section 1983 for negligence, or even gross negligence.  *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Plaintiff also fails to allege a violation of the First Amendment, which guarantees the right to redress grievances.  Such a claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a non-frivolous claim.  *Lewis v. Casey*, 518 U.S. 343 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998). Any delay here was *de minimis*.  By the Court's calculation, there was an eight day delay attributable to the late receipt of the filing fee from the institution.  The institution is not responsible for the time between when the habeas petition was filed on February 28, 2013, and the deadline for paying the filing fee on May 17, 2013; this two and a half month delay is wholly

attributable to Plaintiff who did not pay the fee when he filed the habeas petition. The institution is also not responsible for the time between when the fee was received and when the case was reopened; this two day delay is attributable to the Court. Additionally, there was no delay in considering the merits of the petition, in that the petition was referred to Magistrate Judge Wilkerson while the Court awaited payment.

Finally, even if Plaintiff's claim were construed as being brought pursuant to 42 U.S.C. § 1983, it would not survive because Plaintiff fails to sufficiently allege how any of the Defendants' were personally involved in the purported constitutional deprivation. An action under § 1983 is based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). However, "[s]upervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement). Here, the complaint does not describe any personal involvement on the part of Warden Roeckman, nor is there any suggestion of a relevant policy or practice attributable to Roeckman. Similarly, there are no specific allegations regarding the unidentified defendants from which to infer the deliberate conduct required for liability under Section 1983.

Plaintiff Parker has failed to state a claim upon which relief can be granted; his claim fails on the merits—it is frivolous. Therefore, this action shall be dismissed with prejudice and Plaintiff shall be assessed a "strike" pursuant to 28 U.S.C. § 1915(g).

### Pending Motions

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be decided by separate order. If Plaintiff is granted pauper status, the filing fee due will be only $350.00 (saving him the $50.00 administrative fee).

Also before the Court are two motions seeking a court order directing Big Muddy River Correctional Center to provide the Court with Plaintiff's trust fund statement (Docs. 5 and 7). By letter dated August 9, 2013 (Doc. 4) the Clerk of Court requested Plaintiff's trust fund statement. On September 3, 2013, the Clerk added Big Muddy River Correctional Center to the electronic transmission program and the request for Plaintiff's trust fund statement was resent to the facility. Therefore, Plaintiff's motions (Docs. 5 and 7) will be denied.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motions seeking a court order directing Big Muddy River Correctional Center to provide the Court with Plaintiff's trust fund statement (Docs. 5 and 7) are **DENIED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim upon which relief can be granted and is **DISMISSED with prejudice**. Defendants **ZACK ROECKMAN** and **UNKNOWN PARTIES** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  The Clerk of the Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** September 13, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge